IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RANDY POULSON, :
    Petitioner, :
: No. 1:19-cv-1917
v. :
: (Judge Rambo)
WARDEN FCI SCHUYLKILL, :
    Respondent. :

## **MEMORANDUM**

On August 26, 2019, *pro se* Petitioner Randy Poulson ("Petitioner"), who is currently incarcerated at the Federal Correctional Institution Schuylkill in Minersville, Pennsylvania ("FCI Schuylkill"), initiated the above-captioned action by submitting a letter seeking good time credit and release to home confinement pursuant to the First Step Act of 2018 to the United States District Court for the District of New Jersey. (Doc. No. 1.) In an Order dated September 27, 2019, that court construed Petitioner's letter to be a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, administratively terminated the action, and notified Petitioner that if he wished to reopen the action, he needed to submit either the $5.00 filing fee or a motion for leave to proceed *in forma pauperis* and a completed § 2241 form within thirty (30) days. (Doc. No. 3.)

Petitioner subsequently submitted a motion for leave to proceed *in forma pauperis* (Doc. No. 4) and an amended § 2241 petition (Doc. No. 5). In his amended

§ 2241 petition, Petitioner asserts that he is entitled to: (1) a recalculation of 15% good time credit pursuant to the Second Chance Reauthorization Act of 2018; (2) six (6) months of home confinement pursuant to the Second Chance Act of 2007; (3) an additional six (6) months of home confinement pursuant to the Second Chance Reauthorization Act of 2018; and (4) issuance of accrued earned time credit pursuant to the First Step Act of 2018. (Doc. No. 5 at 6-8.) In a letter received by the District of New Jersey on October 28, 2019, Petitioner indicated that his first two (2) grounds for relief had been satisfied and, therefore, requested "that relief be granted on Ground Three and Ground Four by issuing additional time in the form of pre-release custody as home confinement." (Doc. No. 6 at 2-3.)

In an Order dated November 5, 2019, the District of New Jersey reopened the matter and transferred it to this Court for further proceedings. (Doc. No. 8.) In an Order dated November 6, 2019, this Court granted Petitioner leave to proceed *in forma pauperis* and directed Respondent to show cause why Petitioner should not receive the relief he seeks. (Doc. No. 10.) Respondent filed his response on November 26, 2019. (Doc. No. 12.) Petitioner has neither filed a traverse nor an extension of time to do so. For the following reasons, Petitioner's amended § 2241 petition will be dismissed without prejudice.

## I. BACKGROUND

On January 20, 2016, Judge Bumb of the United States District Court for the District of New Jersey sentenced Petitioner to seventy (70) months of incarceration for mail fraud. *See United States v. Poulson*, No. 1:14-cr-309 (D.N.J.) (Doc. No. 27). Petitioner's release date is currently set for March 21, 2021, with a home detention eligibility date of September 21, 2020. (Doc. No. 6 at 11.)[1]

The Bureau of Prisons ("BOP") has a multi-step administrative remedy program allowing an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). First, an inmate should attempt inform resolution of the issue with the appropriate staff member. *Id.* § 542.13(b). If informal resolution is unsuccessful, the inmate may submit a formal written grievance, using the BP-9 form, to the Warden within twenty (20) calendar days "following the date on which the basis for the Request occurred." *Id.* § 542.14(a). The Warden is to respond to the request within twenty (20) calendar days. *Id.* § 542.18. An inmate dissatisfied with the Warden's response may appeal, using the BP-10 form, "to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." *Id.* § 542.15(a). Finally, an inmate may appeal the Regional Director's response, using the BP-11 form, to the BOP's

---

[1] From henceforth, citations to the docket refer to docket entries in the above-captioned case.

General Counsel "within 30 calendar days of the date the Regional Director signed the response." *Id.* These time limits may be extended "[w]hen the inmate demonstrates a valid reason for delay."[2] *Id.* No administrative remedy is "considered fully exhausted until reviewed by the BOP's Central Office." (Doc. No. 12-1 at 4.)

## II. DISCUSSION

Respondent asserts that Petitioner's amended § 2241 petition should be dismissed because he failed to exhaust his administrative remedies prior to initiating the above-captioned case. (Doc. No. 12 at 7-9.) While § 2241 does not contain an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a § 2241 petition. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own

---

[2] Valid reasons for delay include, but are not limited to: "an extended period in-transit during which the inmate was separated from documents needed to prepare the Request or Appeal; an extended period of time during which the inmate was physically incapable of preparing a Request or Appeal; an unusually long period taken for informal resolution attempts; indication by an inmate, verified by staff, that a response to the inmate's request for copies of dispositions requested under § 542.19 . . . was delayed." 28 C.F.R. § 542.14(b).

errors fosters administrative autonomy." *Id.* at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Thus, "a federal prisoner who . . . fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice." *Id.* at 762. Exhaustion, however, is not required when it would not promote these goals, such as when exhaustion would be futile. *See, e.g.*, *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998).

Documents attached to Petitioner's amended § 2241 petition indicate that on August 27, 2019, Petitioner submitted an Inmate Request to Staff regarding his various requests for relief. (Doc. No. 5-2 at 3-10.) On August 28, 2019, a staff member responded, stating that Petitioner "[would] be reviewed under the Second Chance Act when [he was] 17-19 months from release." (*Id.* at 3.) Petitioner avers that despite the response being dated August 28, 2019, he did not receive a copy of the response until September 17, 2019. (Doc. Nos. 5-1 at 2, 6 at 5.) He argues that because twenty-one (21) days passed between his submission and the response, he was not eligible to appeal the response to the Warden. (Doc. Nos. 5-1 at 2, 6 at 5.) Thus, he states, he was "effectively unable to proceed with the administrative remedy that [he] initially submitted." (Doc. No. 6 at 5.) Petitioner suggests that the

administrative remedy process at FCI Schuylkill is ineffective and inefficient because "complaints are not properly addressed and responses are not rendered in a timely fashion." (*Id.* at 9.) He further suggests that staff members at FCI Schuylkill are unwilling to provide relief to aggrieved inmates. (*Id.* at 6.) Essentially, it appears that Petitioner believes the Court should excuse his failure to exhaust.

The Court does not agree that Petitioner's failure to exhaust his administrative remedies should be excused. Petitioner did not file a BP-9 appeal to the Warden because he thought it would be futile given that he did not receive a copy of the response to his informal request until twenty-one (21) days had passed, one (1) day after his deadline to file his BP-9. However, "[c]ourts in the Middle District of Pennsylvania have consistently held that 'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals.'" *Ross v. Martinez*, No. 4:09-cv-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009) (quoting *Malvestuto v. Martinez*, No. 1:09-cv-1339, 2009 WL 2876883, at *3 (M.D. Pa. Sept. 1, 2009)); *see also Suarez-Sanchez v. Lane*, No. 4:18-cv-1431, 2019 WL 1645231, at *3-4 (M.D. Pa. Mar. 5, 2019) (concluding that petitioner's § 2241 petition was subject to dismissal for failure to exhaust because the petitioner "never fully and properly appealed [his] grievance because he apparently deemed the grievance process to be a waste of

time"), *Report and Recommendation adopted*, 2019 WL 1620339 (Apr. 16, 2019). As noted above, the time limits for appeals of administrative remedies may be extended "[w]hen the inmate demonstrates a valid reason for delay." 28 C.F.R. § 542.15(a). Given this, Petitioner could have submitted a BP-9 appeal to the Warden along with a request for the time limit for such an appeal to be extended. Petitioner, however, apparently chose not to do so.

Moreover, Petitioner's assertion that he is "already within 17 months of [his] projected release date and within 11 months of [his] pre-release custody date" does not render exhaustion futile because the "twelve-month pre-release mark [for purposes of consideration for home detention] . . . is simply a statutory maximum and not a mandate." *Malvestuto*, 2009 WL 2876883, at *3 (citing 18 U.S.C. § 3624(c)(1)-(6)); *see also Miceli v. Martinez*, No. 1:08-cv-1380, 2008 WL 4279887, at *3 (M.D. Pa. Sept. 15, 2008) (dismissing § 2241 petition for failure to exhaust and rejecting petitioner's argument that requiring exhaustion would have prejudiced him because his twelve-month pre-release date had already passed). In the instant case, Petitioner fails to demonstrate cause and prejudice to overcome his failure to exhaust that would allow the Court to consider the merits of his amended § 2241 petition. Accordingly, the Court will dismiss Petitioner's amended § 2241 petition (Doc. No. 5) without prejudice.

## III. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 5) without prejudice to Petitioner's right to refile his petition, if he chooses to do so, once he has exhausted his administrative remedies regarding the relief he seeks. An appropriate Order follows.

s/Sylvia H. Rambo  
Sylvia H. Rambo  
United States District Judge

Dated: December 19, 2019